Tarsissius **TEDJA**, Petitioner,

v.

Eric H. **HOLDER**, Jr., Attorney General, Respondent.

No. 12–70241.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2013.*

Filed Sept. 27, 2013.

Cindy Siuhuei Chang, Law Offices Of Cindy S. Chang, Walnut, CA, for Petitioner.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Puneet Cheema, Trial, Oil, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

MEMORANDUM **

Tarsissius Tedja, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir.2009), and we deny the petition for review.

Substantial evidence supports the BIA's finding that Tedja's past experiences, even considered cumulatively, do not rise to the level of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir.2003); *Prasad v. INS*, 47 F.3d 336, 340 (9th Cir. 1995) ("Although a reasonable factfinder *could* have found [these incidents constituted] past persecution, we do not believe that a factfinder would be compelled to do so.") (emphasis in original). Substantial evidence also supports the BIA's determination that, even under a disfavored group analysis, Tedja failed to demonstrate suffi-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

cient individualized risk of harm to establish a well-founded fear of future persecution. *See Halim v. Holder*, 590 F.3d 971, 979–80 (9th Cir.2009). Consequently, his asylum claim fails.

Because Tedja failed to demonstrate eligibility for asylum, it necessarily follows he did not satisfy the more stringent standard for withholding of removal. *See id.* at 980 n. 7.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.